UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

10 APR 12 PM 3: 1    **ORIGINAL**

_____X

EDWIN FERNANDEZ, ELIZABETH FERNANDEZ,    **VERIFIED**

Plaintiffs,    **COMPLAINT**

-against-

P.O. SACCO, Shield #6969, 120th Precinct Police Officers,    **CIVIL ACTION**    **1624**
John Doe 1-10, Police Officers Jane Doe 1-10, Supervising    **Jury Trial Requested**
P.O. John Doe 120th Precinct, The City of New
York, New York City Police Department,

Defendants.    KORMAN, J.
_____X

NOW COME the Plaintiffs, **EDWIN FERNANDEZ, ELIZABETH**

**FERNANDEZ,** by and through their attorney, **D. Andrew Marshall, Esq.** for their s

Complaint against the Defendants, respectfully shows to this Court and alleges:

## VENUE AND JURISDICTION

1.  That Jurisdiction is founded upon the existence of a Federal Question.

2.  That this an action to redress the deprivation under color of statute,

ordinance, regulation, custom or usage of a right, privilege, and immunity

secured to Plaintiff by the Fourth and Fourteenth Amendments to the

Constitution of the United States, 42 U.S.C. §1983 and arising under the law and

statutes of the State of New York.

3.  That Jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this

being an action authorized by law to redress the deprivation under color of

statute, ordinance, regulation, custom or usage of a right, privilege, and

immunity secured to Plaintiff by the Fourth, Eight  and Fourteenth

- 1 -

Amendments to the Constitution of the United States (42 U.S.C. §1983) and arising under the law and statutes of the State of New York.

4. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of SEVEN-FIVE THOUSAND ($75,000.00) DOLLARS.

## **PARTIES:**

5. That upon information and belief the Plaintiff **EDWIN FERNANDEZ,** is a citizen of the United States and a resident of the City of New York, County of Richmond, State of New York.

6. That upon information and belief the Plaintiff **ELIZABETH FERNANDEZ,** is a citizen of the United States and a resident of the City of New York, County of Richmond, State of New York.

7. Upon information and belief, that at all times, hereinafter mentioned, the Defendant **THE CITY OF NEW YORK** was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, that at all times, hereinafter mentioned, the Defendant **THE CITY OF NEW YORK**, its agents, servants and employees operated, maintained and controlled the **Defendant The New York Police Department**, including all the police officers thereof.

9. Upon information and belief, at all times hereinafter mentioned, and on or prior to the December 19, 2009 and at all other relevant times, Defendant **P.O. SACCO, Shield #6969, 120th Precinct,** was employed

# I.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS EDWIN FERNANDEZ and ELIZABETH FERNANDEZ: CIVIL RIGHTS ACTION 42 USC §1983

15. The Plaintiffs **EDWIN FERNANDEZ, ELIZABETH FERNANDEZ,** hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 14 with the same force and effect as if more fully and at length set forth herein.

16. This action arises under the United States Constitution, particularly under provisions of the Fourth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, Section 1983 as well as the rights under the Constitution and laws of the State of New York, Article I, §12.

17. Each and all of the Defendants' acts alleged herein were done by the Defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as police officers of said state, city and county.

18. That on about December 19, 2009 **the Plaintiffs** were present inside their home located at 288 Ada Drive, City of New York, County of Richmond and State of New York, hereinafter the "**SUBJECT PREMISES.**"

- 4 -

19. That on about December 19, 2009, Defendant **P.O. SACCO forcibly** entered inside the **SUBJECT PREMISES** without a warrant, consent or any other legal authority, including but not limited to exigent circumstances.

20. That on about December 19, 2009, Defendants **Police Officers JOHN DOE 1-10 and Police Officers Jane Doe 1-10 forcibly** entered inside the **SUBJECT PREMISES** without a warrant, consent or any other legal authority, including but not limited to exigent circumstances.

21. That on about December 19, 2009, prior to the Defendants' warrantless search and entry onto and into the **Subject Premises**, the Plaintiffs were innocently socializing and attending to personal business in and about the outside and inside of the **Subject Premises** with no criminality afoot.

22. That on about December 19, 2009, while inside the **SUBJECT PREMISES** with no criminality or emergency afoot, **the Plaintiffs** were unarmed, unthreatening and unequivocally innocent of any crime, had not violated or breached any law, code, regulation, ordinance, statute or otherwise in effect on said date and time.

23. That on about bout December 19, 2009 the Defendants forcibly collared and herded **the Plaintiffs** into the living-room of said **SUBJECT PREMISES** while the Defendants swarmed the entire **SUBJECT PREMISES** as the neighbors watched nearby.

24. That on about bout December 19, 2009 upon entering the **SUBJECT PREMISES**, the Defendants ransacked the **SUBJECT PREMISES** in its

- 5 -

entirety while interrogating, threatening and otherwise humiliating the Plaintiffs.

25. That at all relevant times, **the Defendants** knew or had reason to know that **the Plaintiffs** were not otherwise breaking the law because **the Plaintiffs** provided **the Defendants** with verifiable proof of their innocence that **the Defendants** blatantly and unreasonably disregarded.

26. That the Defendants, without probable cause, reasonable suspicion or other legal reasons, nonetheless persisted in their accusations and illegal search of the **SUBJECT PREMISES**.

27. That as a consequence of the Defendants' conscious acts and deliberate omissions, the Plaintiffs were deprived of their constitutional rights against unreasonable searches of their home, person and personal effects, even after the Plaintiffs asked the Defendants to leave.

28. That as a consequence of the Defendants conscious acts and deliberate omissions, the Plaintiffs were unlawfully imprisoned in their own home while the Defendants executed said illegal search of **the SUBJECT PREMISES.**

29. That on about the afternoon of December 19, 2009 and thereafter, the Defendants were malicious and reckless in their actions knowing that the Plaintiffs were wholly innocent, but they nonetheless illegally searched the **Subject Premises** and falsely imprisoned the Plaintiffs without any conduct on the part of the Plaintiffs to so warrant; to wit:

    **a)** in that all of the actions of the Defendants, their agents, servants and employees, were committed with the intention to

cause bodily and mental injury to the Plaintiffs, to falsely imprison the Plaintiffs without their consent as the Plaintiffs were at all times conscious of the illegal search and false imprisonment; and

**b)** the imprisonment was not justified by probable cause or other legal privilege; Defendants, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs, policy and usages of the City of New York, and under the authority of their office as police officers for said City; and,

**c)** that the Defendants, their agents, servants and employees failed to adequately and properly hire, retain, supervise, and discipline or in any other way control the behavior and performance of the Defendants, their agents, servants and employees and in the exercise of their police functions and the enforcement of the laws of the State and City of New York;

**d)** that the Defendants, their agents, servants and employees demonstrated a reckless lack of cautious regard for the rights of the public including the Plaintiffs and the Defendants exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the Defendants; and,

**e)** the failure of the Defendants, their agents, servants and employees, to hire, train, supervise, discipline, or in any other

ways control the Defendants in the exercise of their functions
and their failure to enforce the law of the State and City of New
York was and is carried out willfully, wantonly, maliciously
and with such reckless disregard for the consequences as to
display a conscious disregard for the dangers of harm and
injury to the citizens of the State and City of New York,
including the Plaintiff; and,

f) due to the acts and omissions of the Defendants, their agents,
servants and employees herein, the failure of the City of New
York to discipline the Defendants and their continued
employment of the Defendants present a clear and present
danger to the citizens of the City and State of New York; and

g) that the Defendants, their agents, servants and employees
permitted the use of policy and/or drafted policy that violated
the constitutional rights of the above-named Plaintiff and, in
that each and all of the acts of the Defendants, their agents,
servants and employees alleged herein were done not as
individuals but under the color and pretense of the statutes,
ordinances, regulations, customs and usages of the State of
New York and the County of New York, and under the
authority of their office as police officers for the City of New
York.

30. That the Plaintiffs did not commit any illegal acts, either before or at the
time they were falsely imprisoned, had their home invaded, and otherwise

- 8 -

deprived of their Constitutional rights as set forth in the Constitution of the United States, 42 USC §1983 and the Constitution of the State of New York.

31. As a direct result of the illegal actions and conduct of the Defendants, their agents, servants and employees, the Plaintiffs were falsely imprisoned and otherwise deprived of his constitutional and civil rights.

32. That at all times hereinafter mentioned, the Defendants were employed in their respective capacities by the Defendants, THE CITY OF NEW YORK and NYPD, and were acting under the color of title official capacity and their acts were performed under the color of title of the policies, statutes, ordinances, rules and regulations of the City of New York.

33. That at all times hereinafter mentioned, Defendants, **SACCO, Shield #6969, 120th Precinct, John Doe 1-10, Police Officers Jane Doe 1-10, Supervising Officer John Doe** were acting pursuant to order directives from the Defendants, **THE CITY OF NEW YORK AND NYPD**.

34. That at all times hereinafter mentioned, the Defendants police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: under the color and title of the policies, statutes, ordinances, rules and regulations of the City of New York and the Defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the Plaintiffs and deprived Plaintiffs of the rights, privileges and immunities secured to Plaintiffs by the Fourth,

and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

35. Although the Defendants knew or should have known of the fact that the conduct herein alleged was carried out by their agents, servants, and employees, the Defendants, THE CITY OF NEW YORK or NYPD did not take any steps or make any efforts to halt this course of conduct, to make redress to the Plaintiff or to take any disciplinary action whatever against any of their employees or agents.

36. The unlawful and illegal conduct of the Defendants, agents, servants, and employees, and each of them, deprived the Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

   a) the rights of the Plaintiffs to be secure in their person, home and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States;

   b) the right of the Plaintiffs to be informed of the nature and cause of the accusation against him secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States;

   c) the right of the Plaintiffs not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States.

37. That **Plaintiffs** sustained great harm because by reason of the aforesaid violations, false imprisonment and egregious intrusion into their home perpetrated by the Defendants, their agents, servants, and employees, wrongfully deprived the **Plaintiffs** and compelled them to abandon their rights and privileges as provided to them as set forth in the Constitution of the United States of America and the Constitution of the State of New York, and laws thereto.

38. That by reason of the aforesaid violations, false arrest and illegal intrusion and search initiated and perpetrated by the Defendants, their agents, servants, and employees, acting within the scope of their authority and without any probable cause who wrongfully, the Plaintiffs were compelled to abandon their rights and privileges as provided to them in the Constitutional rights as set forth in the Constitution of the United States of America, and provided to them in the Constitution of the State of New York, and laws thereto, thereby causing them great harm.

## II.

## AS AND FOR A SECOND CAUSE OF ACTION: ATTORNEY FEES 42 U.S.C. §1988

39. The Plaintiff repeats, reiterates, re-alleges and incorporates paragraphs numbered 1 through 38 inclusive as if fully set forth herein and Plaintiff further alleges:

40. That in the event this Court or jury determines that the Plaintiffs' civil rights have been violated under 42 U.S.C. §§1981, 1983, 1985(3) or their state claims and they are s victorious upon a related claim herein, they demands attorney fees to compensate him and/or his attorneys for their time, expenses, disbursements, and efforts in prosecuting his claim.

41. That the Plaintiffs are entitled to and hereby makes claim for the recovery of reasonable attorney's fees incurred as a result of prosecuting his claim against the individually named police officer pursuant to 42 U.S.C. §1988.

## III.

## AS AND FOR A THIRD CAUSE OF ACTION: PUNITIVE DAMAGES AGAINST P.O. SACCO AND EACH AND EVERY INDIVIDUALLY NAMED DEFENDANT

42. The Plaintiffs hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully and at length set forth herein.

43. That the Plaintiffs seek punitive damages against each and every individually named Defendants including but limited to **P.O. SACCO.**

44. That the Plaintiffs seek punitive damages against each individually name officer to deter not only these Defendants police officers but other like minded individuals/police officers from engaging in future similar conduct of falsely arresting and maliciously prosecuting innocent Plaintiff who have not engaged in criminal activities or broken the law.

45. That punitive damages are warranted under the facts and circumstance of this case because Defendants knew or had reason to know that the Plaintiffs had not broken any laws or could not lawfully be subjected to such a warrantless home invasion.

46. That upon information and belief had these Defendants police officers acting in concert done a proper investigation into the allegation leveled against the Plaintiffs, and exercised duty without prejudice, disdain, contempt or other impermissible grounds such as the Plaintiffs' race or social status, they would not have violated their rights in the manner carried out on against the Plaintiffs on the date and time in question.

47. That by reason of the above false imprisonment and violation of Plaintiffs constitutional rights, Plaintiff demand **THIRTY MILLION ($30,000,000,000) DOLLARS** from said individual DEFENDANTS, **POLICE OFFICER SACCO t**o deter future similar outrageous and illegal conduct as happened herein.

48. That by reason of the aforesaid violations, the Plaintiff request the following relief:

   **a)** Compensatory damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS for each cause of action;

   **b)** Punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS for each cause of action.

   **c)** An award of reasonable attorney's fees, costs and disbursements;

**d)** Plaintiff requests a trial by jury of all issues involved in this complaint;

**e)** Such other and further relief as this Court may deem just, meet and proper under the circumstances.

# IV.

# AS AND FOR A FOURTH CAUSE OF ACTION: *FALSE IMPRISONMENT*

49. The Plaintiffs hereby incorporate by reference each and every preceding paragraphs of this Summons and Complaint paragraphs numbered 1 though 48 as though fully plead and re-alleged in their entirety below.

50. On or about December 19, 2009 inside the **SUBJECT PREMISES** the DEFENDANTS held the Plaintiffs against their will without any rights, grounds, probable cause or reasonable suspicion by the Defendants herein resulting in damage to their reputation and deprivation of the rights and privileges secured to them by the Constitution of the United States of America and the Constitution of the State of New York.

51. At all times Plaintiffs had not consented to being confined by the Defendants.

52. At all times the Plaintiffs were conscious of their restraint, loss of liberty and abduction.

53. At all times Plaintiffs were  made to feel fearful, intimidated, demoralized, inferior and powerless by the Defendants' threats of deadly physical force actual deprivation of his civil and constitutional rights.

54. That by reason of the aforesaid, the Plaintiffs have been damaged in the sum of **THIRTY MILLION ($30,000,000.00) DOLLARS.**

# V.
# AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: <u>NEGLIGENCE IN HIRING AND RETAINING</u>

55. The Plaintiffs hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully and at length set forth herein.

56. That the Defendants **NYPD and CITY OF NEW YORK** were  careless and reckless in hiring and retaining as and for its employees, the above named individuals in that the said individually named Defendant, **P.O. SACCO**, lacked the experience, deportment and ability to be employed by the Defendants; in that the Defendants failed to exercise due care and caution in its hiring practices, and in particular, in hiring the individually named Defendant employees who lacked the mental capacity and the ability to function as employees of the **NYPD and CITY OF NEW YORK.**

57. That Defendants **NYPD and CITY OF NEW YORK** failed to investigate the **P.O. SACCO's** background and in that they hired and retained as an employee of their police department individuals whose backgrounds contained information (based on information and belief) that revealed said

Defendants lacked the maturity, sensibility and intelligence to be employed by the City Defendant.

58. That Defendants **NYPD and CITY OF NEW YORK** knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired **P.O. SACCO** to be an employee and they, their agents, servants and employees were otherwise careless, negligent and reckless.

59. That the aforesaid occurrence, to wit the false arrest, home invasion and negligence in hiring and retaining resulting in injuries therefrom, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of the Plaintiffs.

60. That by reason of the aforesaid, the Plaintiffs were injured in mind and body, still suffers and upon information and belief, will continue to suffer mental pain and will, upon information and belief, be so incapacitated in the future, they have suffered in an effort to cure themselves of said injuries to extricate themselves from the indignities and humiliation foisted upon them by the actions of the Defendants, their agents, servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction, and the **Plaintiffs** have been otherwise damaged in the amount of **Thirty Million ($30,000,000.00) Dollars.**

## VI.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF:

# NEGLIGENCE IN TRAINING AND SUPERVISING

61. The Plaintiffs hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 60 with the same force and effect as if more fully and at length set forth herein.

62. That the defendants, NYPD and THE CITY OF NEW YORK, their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named Defendants, in that they failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers; failed to give them proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

63. That the aforesaid occurrence, to wit the false arrest, malicious prosecution and negligence of hiring resulting in injuries there from, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of the Plaintiff.

64. That by reason of the aforesaid, the Plaintiffs were injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and they were incapacitated from their usual occupation and will, upon information and belief, be so incapacitated in the future, and they have expended and incurred sums of money in an effort to cure themselves of said injuries to extricate themselves from the indignities and

- 17 -

humiliation foisted upon him by the actions of the Defendants, their agents, servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction, and the Plaintiff has been otherwise damaged because of the false charge of assault, attempted robbery and otherwise.

65. That by reason of the aforesaid, the Plaintiff has been damaged in the sum of **Thirty MILLION ($30,000,000.00) DOLLARS**.

## VII.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: <u>NEGLIGENCE IN PERFORMANCE OF DUTIES</u>

66. The Plaintiffs hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 65 with the same force and effect as if more fully and at length set forth herein.

67. That the Defendants, its agents, servants and employees negligently, carelessly and recklessly performed their police duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used under similar circumstances in that they carelessly, recklessly and negligently invade the SUBJECT PREMISES and FALSELY IMPRISONED the PLAINTIFFS without making a proper investigation.

68. That the defendants, NYPD and THE CITY OF NEW YORK, their agents, servants and employees, were negligent in that they were careless and reckless in the manner in which they operated, controlled and maintained

- 18 -

their agents, servants, and employees; and in that the Defendants, their agents, employees and servants were otherwise negligent, careless, and reckless.

69. That the aforesaid occurrence, to wit: the false imprisonment, home invasion and other deprivations of constitutional and civil rights, resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of the Plaintiff.

70. That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer mental pain, and they were incapacitated from their usual occupation and will, upon information and belief, be so incapacitated in the future, and they have expended and incurred sums of money in an effort to cure themselves of said injuries and to extricate themselves from the indignities and humiliation foisted upon them by the actions of the Defendants, their agents, servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction, and the Plaintiff has been otherwise damaged.

71. That by reason of the aforesaid, the Plaintiff has been damaged in the sum of **Thirty MILLION ($30,000,000.00)** DOLLARS.

## IX.

## AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF:

# INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

72. The Plaintiff, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 71 above with the same force and effect as if more fully and at length set forth herein.

73. That on or about December 19, 2009 the Defendants, their agents, servants and employees illegally invaded the SUBJECT PREMISES and falsely imprisoned the Plaintiffs and otherwise all without privilege, consent or any right or grounds at the therefore knowing that Plaintiffs did not commit crime.

74. The Defendants falsely accused the Plaintiff of criminal activities that the Defendant knew or should have known were false which actions were intended and did cause the Plaintiffs to suffer great indignities.

75. That the Plaintiffs were wholly innocent.

76. That the Plaintiffs were forced by the defendants to submit to their arbitrary, capricious and despotic will.

77. That by reason of the aforesaid false imprisonment arrest and home invasion, the Plaintiffs were deprived of their liberty, were subjected to great indignity, pain, humiliation, and great distress of mind and body and were held up to scorn and ridicule, were injured in their character and reputation, were prevented from attending his usual business and avocation, were injured in their reputation in the community and the said Plaintiffs have been otherwise damaged.

- 20 -

78. The aforesaid false imprisonment and home invasion constitutes extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing, severe emotional distress.

79. The aforesaid false imprisonment and home invasion conduct was carried out with the intent to cause or with disregard of a substantial probability of causing, severe emotional distress did in fact proximately and directly cause the Plaintiff severe emotional distress.

80. That the aforesaid unlawful and malicious prosecution, false arrest of the Plaintiffs were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

81. That by reason of the aforesaid, the Plaintiff was damaged in the sum of **THIRTY MILLION ($30,000,000.00) DOLLARS.**

Dated:    New York, New York
          The    9th    day of          , 2010

D. Andrew Marshall, Esq.
Attorney for the PLAINTIFFS
225 Broadway, Suite 1804
New York, New York 10007
(212) 571-3030 (office)
(212) 587-0750 (facsimile)
marshall.law4@verizon.net

- 21 -

## VERIFICATION

STATE OF NEW YORK )
                     ) Ss:
COUNTY OF )

**EDWIN FERNANDEZ** being first duly sworn hereby deposes and says that:

     **1.**     I am the Plaintiff in this action.

     **2.**     I am over eighteen years of age and reside in Richmond County, in the City of New York.

     **3.**     I verify that the statements made to my attorney are true to the best of my knowledge and belief.

     **4.**     All allegations made which are based upon information and belief are made after consultation with my attorney and on the bases of the information available t me at this time.

     **5.**     I further verify that I have read the forgoing Complaint and that I know the contents thereof; the same is true to my knowledge, except to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true.

                                     EDWIN FERNANDEZ

State of New York )
County of New York ) Ss.:

On **Apr-l 9** 2010, before me, the undersigned, personally appeared **EDWIN FERNANDEZ,** personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

_____
(signature and office of the individual taking acknowledgment)

DARRELL A. MARSHALL
NOTARY PUBLIC
STATE OF NEW YORK
REG. NO. 02MA6102966
EXPIRES

- 22 -

## VERIFICATION

STATE OF NEW YORK    )
                     ) Ss:
COUNTY OF            )

**ELIZABETH FERNANDEZ** being first duly sworn hereby deposes and says that:

1.    I am the Plaintiff in this action.

2.    I am over eighteen years of age and reside in Richmond, County, in the City of New York.

3.    I verify that the statements made to my attorney are true to the best of my knowledge and belief.

4.    All allegations made which are based upon information and belief are made after consultation with my attorney and on the bases of the information available t me at this time.

5.    I further verify that I have read the forgoing Complaint and that I know the contents thereof; the same is true to my knowledge, except to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true.

_____
**ELIZABETH FERNANDEZ**

State of New York    )
County of New York        ) Ss.:

On ___ 9 ___ 2010, before me, the undersigned, personally appeared **ELIZABETH FERNANDEZ,** personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

_____
(signature and office of the individual taking acknowledgment)

DARRELL A. MARSHALL
NOTARY PUBLIC
STATE OF NEW YORK
REG. NO. 20MA6102966
EXPIRES

- 23 -

## ATTORNEY'S VERIFICATION

**D. Andrew Marshall, Esq.,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am the attorney of record for Plaintiff in the instant action. I have read the annexed

### VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

Dated:    New York, New York
          The  day of April  2010

D. Andrew Marshall, Esq.
Attorney for the PLAINTIFS
225 Broadway Suite 1804
New York, New York 10007
(212) 571-3030 (office)
(212) 587-0570 (facsimile)

State of New York    )
County of New York        ) Ss.:

On April 9                2010, before me, the undersigned, personally appeared **D. Andrew Marshall, Esq.,** personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

**(signature and office of the individual taking acknowledgment)**

LEONARD J. LEVENSON
Notary Public, State of New York
No. 31-5011717
Qualified in New York County
My Commission Expires June 15, 2011

- 24 -